UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

*Of Counsel:*
Peter D. Murray (to be admitted *pro hac vice*)
Robert T. Maldonado (to be admitted *pro hac vice*)
Elana Araj (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Plaintiff
Telebrands Corp.

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> KGM GLOBAL, INC., <br><br> Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands"), for its Complaint against Defendant KGM Global, Inc. ("KGM"), alleges as follows:

1

## THE PARTIES

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. Upon information and belief, defendant KGM is a corporation organized and existing under the laws of the State of California and having a principal place of business at 105 Exchange Place #B, Pomona, California 91768. Upon information and belief, KGM is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq*.).

4. Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a) and (b). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. Telebrands is a direct marketing company and, since 1987, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores. Telebrands is one of the recognized leaders in the direct response television marketing industry.

Telebrands' success is based in part by expending a large amount of money advertising products on television for direct response orders. The television advertising creates a heightened brand awareness and recognition of the product among consumers who then purchase the product in retail stores.

7. Telebrands markets and sells mop products under the trademarks HURRICANE®, SPIN MOP™ and/or TWIN SPIN™ (collectively, "the HURRICANE Products").

8. Telebrands has sold the HURRICANE Products since at least as early as 2012. The HURRICANE Products have been successful. Telebrands sells the HURRICANE Products through direct response channels to the general consuming public throughout the United States and within this Judicial District. Telebrands also sells the HURRICANE Products to consumers through major retailers throughout the United States and within this Judicial District.

9. Telebrands has exclusive rights to U.S. Patent No. 8,132,287, entitled "Cleaning Device with Cleaning Means and a Frame Body," which issued March 13, 2012 ("the '287 patent"). Telebrands' exclusive rights include, *inter alia,* the exclusive right to exclude the defendant in the United States. A copy of the '287 patent is attached as Exhibit A.

10. Telebrands has exclusive rights to U.S. Patent No. 8,365,341, entitled "Mop Assembly," which issued February 5, 2013 ("the '341 patent"). Telebrands' exclusive rights include, *inter alia,* the exclusive right to exclude the defendant in the United States. A copy of the '341 patent is attached as Exhibit B.

11. On or about October 9, 2012, during prosecution of the '341 patent, the U.S. Patent & Trademark Office ("PTO") issued a Notice of Allowability that included an Examiner's Amendment. In that Examiner's Amendment, the PTO amended independent claim 1 to include

all limitations of original claims 8 and 9 of the application that issued as the '341 patent. As a result, independent claim 1, *as allowed by the PTO*, reads as follows:

> A mop assembly comprising:
> a rotary rod structure including
>   a rotary rod defining an elongated axial space therein, and
>   a driving unit fixed securely within said axial space of said rotary rod and formed with a central spiral hole;
> a handgrip structure disposed above said rotary structure and including
>   a handgrip rod connected telescopically to said rotary rod from above,
>   a spiral spindle disposed within said handgrip rod, having an upper portion fixed to said handgrip rod so as to move together therewith and a lower portion engaging rotatably to said spiral hole within said driving unit and extending into said rotary rod, and
>   a cleaning mop connected pivotally to a bottom end of said rotary rod; and
> a spinning structure including
>   a water bucket,
>   a draining bucket disposed within said water bucket for receiving said cleaning mop therein, and
>   a support post installed vertically in said water bucket below said draining bucket in such a manner that said support post has an upper end supporting said draining bucket thereabove;
> wherein, once said cleaning mop is placed within said draining bucket, axially downward movement of said handgrip structure relative to said rotary rod structure results in axial rotation of said spiral spindle within said spiral hole in said driving unit into a predetermined direction, thereby driving said draining bucket to rotate in said predetermined direction and hence draining out water from said cleaning mop by virtue of centrifugal force and wherein axially upward movement of said handgrip structure relative to said rotary rod structure results in continuously driving and rotating said draining bucket in said predetermined direction;
> *wherein said water bucket defines a water compartment and a reception room, and includes a partition plate disposed between so as to isolate said water compartment relative to said reception room, said water bucket further including:*
> *a support base seated securely in said reception room for receiving a lower end of said support post therein while said upper end extends through said partition plate into said water holding compartment to support said draining bucket thereabove;*
> *wherein said lower end of said support post is received rotatably in said support base while said upper end thereof is fixed to said draining bucket, said water bucket further including a support bearing disposed between said support post and said support base to reduce friction therebetween.*

12.     The italicized limitations in claim 1, as reflected in the preceding paragraph, are the

4

limitations recited in original claims 8 and 9, but were not included in claim 1 of the '341 patent as issued through the fault of the PTO, which mistake is clearly disclosed in the records of the PTO.  As a result, on October 17, 2014, a Request for Expedited Issuance of Certificate of Correction Under 37 C.F.R. § 1.322 and MPEP § 1480.01 was filed, which is currently pending.

### Defendant's Acts Of Infringement

13.   On information and belief, KGM markets and sells mop products under the names MAGIC SPIN MOP/MAXPIN ALL-IN-ONE MOP and MAXPIN DELUXE MOP throughout the United States and within this Judicial District.

14.   The MAGIC SPIN MOP/MAXPIN ALL-IN-ONE MOP and MAXPIN DELUXE MOP products are competitive with Telebrands' HURRICANE Products and, on information and belief, are sold to consumers through the Internet and through retail channels of trade.  KGM is a direct competitor of Telebrands in the market for mops.

15.   The MAGIC SPIN MOP/MAXPIN ALL-IN-ONE MOP and MAXPIN DELUXE MOP products infringe at least one claim of the '287 patent, and infringes at least claim 1 of the '341 patent as allowed.  On information and belief, KGM has had notice of the patents.

### COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. 8,132,287

16.   Telebrands repeats and realleges the allegations set forth in paragraphs 1-15 above, as though fully set forth herein.

17.   This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

18.   The '287 patent is valid and enforceable.

19.   By the acts alleged above, KGM has made, used, offered to sell, sold and/or

5

imported into the United States, and on information and belief, still is making, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '287 patent, without Telebrands' authorization or consent.

20. On information and belief, KGM's infringement is and has been willful, making this an exceptional case.

21. KGM will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless KGM is enjoined. Telebrands has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Telebrands demands judgment as follows:

a. Entering judgment in Telebrands' favor and against KGM on all claims and counterclaims;

b. Adjudging and decreeing that KGM has unlawfully infringed, contributorily infringed and/or induced infringement of the '287 patent;

c. Preliminarily and permanently enjoining KGM, its agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from:

    1. importing, distributing, advertising, promoting, selling, or offering for sale the MAGIC SPIN MOP/MAXPIN ALL-IN-ONE MOP and the MAXPIN DELUXE MOP products; and

    2. infringing U.S. Patent No. 8,132,287.

d. Requiring KGM to pay Telebrands any damages Telebrands has suffered arising

out of and/or as a result of KGM's patent infringement, including Telebrands' lost profits, KGM's profits and/or reasonable royalties for KGM's patent infringement, and any other relief provided for in 35 U.S.C. § 284;

  e. Awarding Telebrands its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285;

  f. Requiring KGM to pay to Telebrands enhanced damages due to the exceptional nature of this case; and

  g. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues and claims so triable.

             Respectfully submitted,

October 22, 2014      By /s Tonia A. Sayour
             Tonia A. Sayour
             COOPER & DUNHAM LLP
             30 Rockefeller Plaza
             New York, New York  10112
             Tel.: (212) 278-0400
             Fax: (212) 391-0525

             Attorneys for Plaintiff
             Telebrands Corp.

Peter D. Murray (to be admitted *pro hac vice*)
Robert T. Maldonado (to be admitted *pro hac vice*)
Elana Araj (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 278-0400
Fax: (212) 391-0525